**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IDABEL HOSPITALITY, INC. D/B/A COMFORT SUITES** | |
| **Plaintiff,** | |
| **v.** | **Case No.** __CIV-24-434-JAR__ |
| **MT. HAWLEY INSURANCE COMPANY** | |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Idabel Hospitality, Inc. d/b/a Comfort Suites, files Plaintiff's Original Complaint against Defendant Mt. Hawley Insurance Company, and would respectfully show unto the Court and Jury the following:

### A. PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Oklahoma, and with its principal place of business in Oklahoma. Plaintiff may be served with process through the undersigned attorney, Ryan Fulda of Fulda Law, PLLC, 1800 South Baltimore Ave, Suite 420, Tulsa, Oklahoma 74119.

2. Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Illinois. Service of process on Defendant may be made on its designated agent for service, Craig W. Kliethermes, President, Mt. Hawley Insurance Company, 9025 N. Lindbergh Drive, Peoria, Illinois 61615.

## B. <u>JURISDICTION</u>

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interests and costs.

## C. <u>VENUE</u>

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the property at issue is situated in this district.

## D. <u>CONDITIONS PRECEDENT</u>

5. All conditions precedent have been performed or have occurred as required by subject insurance policy and/or applicable law.

## E. <u>STATEMENT OF FACTS</u>

6. At all times relevant to the events giving rise to Plaintiff's causes of action, Plaintiff was the owner of the commercial property located at 400 SE Lincoln Rd., Idabel, Oklahoma 74745 (the "Property").

7. The Property is a commercial building operating as a Comfort Suites in Idabel, Oklahoma.

8. Plaintiff purchased Commercial Property policy number MCP0172939 from Mt. Hawley to insure the Property during the corresponding policy period from August 3, 2022 to August 3, 2023 (the "Policy").

9. The Policy remained in effect throughout the above policy period.

10. On or about November 5, 2022, Plaintiff provide notice of loss to Defendant Mt. Hawley concerning the occurrence of significant winds causing damage to the Property on November 4, 2022.

11.     Following receipt of notice of the reported loss, Mt. Hawley retained the services of the independent adjusting company, Engle Martin & Associates ("EMA"), and Rimkus Consulting Group ("Rimkus"), to assist Defendant with its investigation.

12.     On or about March 21, 2023, Mt. Hawley informed Plaintiff that its investigation had determined that the Property was damaged as a result of the weather event occurring on November 4, 2022, and that a payment would be issued pursuant to the Policy.

13.     Following Plaintiff's receipt of Defendant's claim decision as set forth in the March 21, 2023 correspondence, Plaintiff consulted with a contractor to determine if the damage to the Property sustained as a result of the reported wind loss could be repaired consistent with Defendant's findings.

14.     During a re-inspection of the Property on May 18, 2023, Plaintiff's contractor notified Defendant of additional interior and exterior damage to the Property which was not addressed in Defendant's initial repair estimate.

15.     On August 11, 2023, Tony Freitas of Reliant Adjusting, a public adjuster retained by Plaintiff, notified Mt. Hawley of its representation with respect to the reported loss.

16.     Mr. Freitas inspected the Property and advised Defendant's representatives that he would prepare a revised scope and estimate to address the corresponding damage to the Property caused by the November 4, 2022 loss.

17.     On August 23, 2024, due to apparent health issues, Mr. Freitas advised Mt. Hawley and Plaintiff of its withdrawal from its representation as Plaintiff's public adjuster.

18.     On or about September 3, 2024, Jett McKay of Pinnacle Limited ("Pinnacle"), another public adjusting company, was retained by Plaintiff to assist with the handling of its property claim in this matter.

19. A representative of Pinnacle notified Defendant's representatives of the hiring of Pinnacle, and commenced its investigation of the loss, including performing an inspection of the Property.

20. Pinnacle advised Defendant's representatives of its disagreement with Defendant's stated scope and amount of loss and prepared a repair estimate significantly exceeding Defendant's stated scope and amount of loss caused by the November 4, 2022 wind loss.

21. Due to the underpayment of Plaintiff's Claim by Defendant and in accordance with the terms of the Policy, Plaintiff was required to file this action to recover monies due under the Policy.

## F. <u>PLAINTIFF'S CLAIM FOR RELIEF</u>

### BREACH OF CONTRACT

22. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above.

23. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

24. All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

25. Plaintiff purchased the Policy from Defendant Mt. Hawley, and said policy was in full force and effect at the time of the reported loss.

26. Plaintiff timely and properly submitted a claim to Defendant for damage to the Property arising from a covered cause of loss.

27. The cost to repair the damage to the Property caused by the relevant loss exceeds the amount estimated and paid by Defendant to date.

28.     Subject to the terms and conditions of the Policy, Plaintiff is entitled to benefits of the cost to repair the damage to the Property for an amount consistent with Pinnacle's repair estimate.

29.     Defendant is in breach of the Policy for failure to make payments owed for the claim.

30.     Plaintiff has sustained damages because of Defendant's breach of the Policy.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Mt. Hawley on its claim for breach of contract, and requests actual damages in an amount exceeding $1,500,000 (subject to the Policy's terms and conditions), less applicable prior payments, as well as statutory attorney fees, and statutory interest pursuant to OKLA. STAT. TIT. 36 § 3629.

## G. <u>ATTORNEY'S FEES</u>

31.     Plaintiff has engaged the services of the below-signed attorney(s). Plaintiff seeks attorney'sfees for the prosecution of this suit pursuant to OKLA. STAT. TIT. 12, §§ 928, 942 and OKLA. STAT. TIT. 36, § 3629(B).

## H. <u>JURY DEMAND</u>

32.     Plaintiff respectfully requests that this case be tried before a jury.

## I. <u>PRAYER</u>

33.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for an amount exceeding $1,500,000, less applicable prior payments, for damages resulting from Defendant's breach of the contract, which damages exceed the minimum jurisdiction of this Court. Plaintiff also seeks costs of Court, reasonable attorney's fees, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until

paid at the highest rate permitted by law, and other applicable law, and for such other and further

relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Ryan Fulda*

Ryan J. Fulda
OBA No. 21184
rfulda@fuldalaw.com
**FULDA LAW, PLLC**
1800 South Baltimore Avenue, Suite 420
Tulsa, Oklahoma 74119
Phone: (918) 554-5432
Fax: (918) 418-4928
**ATTORNEY FOR PLAINTIFF**