# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IDABEL HOSPITALITY, INC. <br> D/B/A COMFORT SUITES, <br><br> Plaintiff, <br><br> v. <br><br> MT. HAWLEY INSURANCE <br> COMPANY, <br><br> Defendant. | Case No. 6:24-cv-434-JAR |

## OPINION AND ORDER

Before the court is the motion to transfer venue to the United States District Court for the Southern District of New York [Doc. 10][1] filed on behalf of defendant Mt. Hawley Insurance Company ("Mt. Hawley") pursuant to 28 U.S.C. § 1404(a).

### I.  BACKGROUND

This case arises from an insurance coverage dispute regarding real property located at 400 S.E. Lincoln Road in Idabel, Oklahoma (the "Property"). The Property is a commercial building owned and operated by plaintiff Idabel Hospitality, Inc. ("Comfort Suites"). Comfort Suites purchased Commercial Property Policy No. MCP0172939 (the "Policy") from Mt. Hawley to insure the Property from August 2, 2022 to August 3, 2023. *See* [Doc. 10-1].

Comfort Suites initiated this action on November 4, 2024 [Doc. 2] and has since twice amended its complaint [Doc. 13; Doc. 45]. The second amended complaint asserts three causes of action: (1) a breach of contract claim based on allegations that

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination and document numbers assigned by CM/ECF.

Mt. Hawley failed to make payments owed under the Policy for Property damage caused by a tornado loss; (2) a bad faith adjustment claim based on allegations that Mt. Hawley failed to conduct a reasonable investigation under the circumstances due to extensive interior damage from the reported loss; and (3) a claim seeking a judicial declaration that would deem the Policy's forum-selection clause invalid. *See generally* [Doc. 45]. In response to each iteration of Comfort Suites' complaint, Mt. Hawley filed an answer subject to its motion to transfer. [Doc. 11; Doc. 23; Doc. 46].[2]

The motion to transfer, filed December 6, 2024, seeks to transfer this case to the Southern District of New York in light of a forum-selection clause in the Policy. Comfort Suites filed a response opposing venue transfer [Doc. 22], and Mt. Hawley timely replied [Doc. 24]. Upon leave of this court, Comfort Suites subsequently filed a surreply [Doc. 33] and Mt. Hawley timely responded [Doc. 35]. The court held a hearing on March 25, 2025, and heard oral arguments on the pending motion to transfer. [Doc. 42].

## II.  LEGAL STANDARD

Transfer to a different court where the action might have been brought is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

---

[2] By virtue of the express consent of all parties [Doc. 26; Doc. 27], and in accordance with Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636(c)(1), the undersigned U.S. Magistrate Judge exercises complete jurisdiction over this action through and including trial and the entry of a final judgment.

The Tenth Circuit has held that § 1404(a) gives courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (*quoting* Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In deciding a motion to transfer under § 1404(a), courts must generally give deference to the plaintiff's choice of forum and must consider a variety of private- and public-interest factors. Id. (citation omitted).

A valid forum-selection clause, however, changes the calculus. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas ("Atlantic Marine"), 571 U.S. 49, 63 (2013). First, "the plaintiff's choice of venue merits no weight." Id. "[B]y contract[ing] to bring suit in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." Id. Second, arguments about the parties' private interests are irrelevant. "Where parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient." Id. at 64. The court "accordingly must deem the private-interest factors to … favor the preselected forum" and "may consider arguments about public-interest factors only." Id. Third, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules" when "a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum[.]" Id.

As a threshold matter, courts must determine whether the forum-selection clause at issue is mandatory and enforceable. Mandatory forum-selection clauses

3

contain "clear language showing that jurisdiction is appropriate only in the designated forum." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997). (quotation marks and citation omitted). "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause [is] mandatory." Am. Soda, LLP v. U.S. Fileter Wastewater Grp., Inc. ("American Soda"), 428 F.3d 921, 927 (10th Cir. 2005).

Mandatory forum-selection clauses are presumed to be valid, and the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991). The party resisting enforcement of a forum-selection clause "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.3d 953, 957 (10th Cir. 1992). If a forum-selection clause is found to be both mandatory and enforceable, a court may consider the public-interest factors in determining whether venue transfer is appropriate. Atlantic Marine, 571 U.S. at 64.

### III. ANALYSIS

When reviewing a motion to transfer under 28 U.S.C. § 1404(a), courts may consider evidence outside the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. Cardoni v. Prosperity Bank, No. 14-CV-319-CVE-PJC, 2014 WL 3369334 at *4 (N.D. Okla. July 9, 2014). The

parties have submitted evidence outside of the pleadings in this case, including the Policy. The forum-selection clause at issue can be found under the Policy's Legal Action Conditions Endorsement (the "LAC Endorsement"), which reads as follows:

> This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy:
>
> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

[Doc. 10-1 at 62]. In opposition to Mt. Hawley's invocation of § 1404(a), Comfort Suites contends that Oklahoma law explicitly voids the LAC Endorsement, rendering both clauses therein unenforceable.

## A. THE FORUM-SELECTION CLAUSE IS MANDATORY AND VALID

As established, the Policy's LAC Endorsement contains two clauses governing choice of law and forum selection.[3] The choice-of-law clause states that "the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)" governs the "validity, interpretation, performance and enforcement" of "this Policy."

---

[3] The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation. *See e.g.*, American Soda, 428 F.3d at 925; K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 497 (10th Cir. 2002).

[Doc. 10-1 at 62]. The forum-selection clause provides that "any Named Insured" "shall submit" to the "jurisdiction of a court of competent jurisdiction in the State of New York" and "[a]ny litigation commenced by any Named Insured … against the Company shall be initiated in New York." [*Id.*]. This contractual language necessarily excludes other jurisdictions and venues.[4] The court finds that the LAC Endorsement contains a mandatory forum-selection clause requiring that any claims relating to the Policy be litigated in any New York court, state or federal.

B. CHALLENGES TO ENFORCEABILITY OF THE FORUM CLAUSE

Mandatory forum-selection clauses are "*prima facie* valid" and should be enforced as a general rule. M/S Bremen v. Zapata Offshore Co. ("Bremen"), 407 U.S. 1, 10 (1972). Because venue is a matter of procedural law, the court applies federal law in determining the enforceability of the forum-selection clause. Consumers Unified, LLC v. NRRM, LLC, No. 23-CV-436-JFJ, 2024 WL 4399473 at *11 (N.D. Okla. Oct. 3, 2024) (citation omitted). Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied. Atlantic Marine, 571 U.S. at 62. This is a strong presumption which can only be overcome by a clear showing that enforcement of the clause would be "unjust or unreasonable," that the "clause is invalid for such reasons as fraud or overreaching," or its enforcement is contrary to the public policy of the forum in which suit is

---

[4] *See e.g.,* XETA Techs., Inc. v. Exec. Hospitality, Inc., No. 08-CV-197-GKF-PJC, 2008 WL 5070726 at *2 (N.D. Okla. Nov. 21, 2008); Morse Elec., Inc. v. Stearns Conrad & Schmidt Consulting Eng'rs, Inc., No. 22-CV-91-JWB, 2023 WL 4626656 at *4 (E.D. Okla. July 17, 2023) (*citing* Basicomputer Corp. v. Scott, 873 F.2d 507, 510 (6th Cir. 1992)) (holding that a forum-selection clause requiring disputes to be brought "in courts in the State of Ohio" did not exclude the federal district court for the Northern District of Ohio which the court noted was unquestionably *in* Ohio).

brought. Bremen, 407 U.S. at 15; Excell, Inc., 106 F.3d at 321. The party opposing enforcement has the burden to "show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes by deprived of his day in court." Bremen, at 18. Comfort Suites asserts two recognized *Bremen* exceptions, arguing that (1) the fundamental unfairness of New York law would deprive it of a remedy available under Oklahoma law; and (2) enforcement of the Policy's LAC Endorsement would violate Oklahoma law in contravention to a strong public policy of the present forum.

### 1. Whether Enforcement would Result in a Deprivation of Remedy Otherwise Available under Oklahoma Law

Oklahoma recognizes tort remedies for insurer bad faith, including punitive damages and emotional distress. *See e.g.*, Christian v. Am. Home Assur. Co., 1997 OK 141, ¶ 25, 577 P.2d 899, 904-05. New York, by contrast, does not recognize a standalone tort claim for bad faith denial of insurance claims and any remedies are generally contractual in nature.[5] Application of New York substantive law to the instant action would therefore deprive Comfort Suites of remedies otherwise available under Oklahoma law.

---

[5] *See e.g.,* Mighty Midgets v. Centennial Ins. Co., 47 N.Y.2d 12, 16 (1979) (New York law forbids the recovery of attorney's fees in insurance actions except in narrow circumstances); New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 662 N.E.2d 763 (1995) (declining to permit punitive damages or tort recovery for alleged insurer bad faith absent a breach of duty distinct from the insurance contract); U.S. Rubber Corp. v. Mt. Hawley Ins. Co., No. 23-CV-7618-AT, 2024 WL 5268848 at *2-3 (S.D.N.Y. Dec. 31, 2024) (applying New York's choice-of-law rules post-transfer and holding New York's General Obligations Law § 5-1401 applies irrespective of whether the parties' contract bears a reasonable relation to New York); HKB Hosp., LLC v. Mt. Hawley Ins. Co., No. 23-CV-372-JPO, 2024 WL 4349508 at *2 (S.D.N.Y. Sept. 30, 2024) (applying New York law to transfer of case involving first party insurance action, concluding choice-of-law clause in a Mt. Hawley policy "must be honored," notwithstanding provisions of the Texas Insurance Code).

7

Though Mt. Hawley concedes the Policy's LAC Endorsement contains both a choice-of-law and forum-selection clause, it asserts the latter provision is the *only* issue properly before this court on its motion to transfer. [Doc. 24 at 3]. This argument is unpersuasive. Both clauses are co-located within the Policy's LAC Endorsement, and both are designed to operate in tandem: the forum clause mandates venue in the State of New York, and the choice-of-law clause binds disputes to New York substantive law. If this court were to silo the forum-selection clause and disregard the accompanying choice-of-law provision, it would artificially constrain the *Bremen* analysis and foreclose any legitimate defenses to enforcement. *See* Stewart Org. Inc., 487 U.S. at 33 (KENNEDY, J., concurring) (stating that *Bremen's* "reasoning applies with much force to federal courts sitting in diversity.").

In a similar vein, counsel for Mt. Hawley maintained at the motion hearing that the issue of whether New York law governs the Policy is properly reserved for the transferee court, not the transferor court. This argument is also unpersuasive. The party resisting enforcement of a forum-selection clause may defeat enforcement if the selected forum's law would deny a meaningful remedy, as Comfort Suites argues here. *See* Bremen, 407 U.S. at 17. Such an argument cannot be evaluated without analyzing the practical effect of applying New York law to the claims asserted by Comfort Suites. Moreover, Mt. Hawley's position rests on a category error. Rather than seeking a determination on which law ultimately governs the merits of its claims, Comfort Suites asks this court to consider whether enforcing the Policy's forum-selection clause would result in fundamental unfairness based on the

8

interdependent choice-of-law clause. When a plaintiff invokes the "loss of remedy" *Bremen* exception to challenge enforcement of a mandatory forum-selection clause, the transferor court must necessarily assess the implications of a choice-of-law clause (if any) before granting transfer.

Notwithstanding, while enforcement of the mandatory forum-selection clause—in concert with the choice-of-law provision—would certainly eliminate at least one core cause of action otherwise available to Comfort Suites under Oklahoma law, there is no dispute that the Policy's choice of forum was made in an arm's-length negotiation between experienced business entities. Any inconvenience Comfort Suites would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. Atlantic Marine, 571 U.S. at 64. Due to the absence of a showing "that trial in the contractual forum will be so gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of [its] day in court," there is no basis to conclude that it would be unfair, unjust, or unreasonable to hold Comfort Suites to its bargain. Bremen, 407 U.S. at 18.

### 2.  Whether Enforcement Violates a Strong Public Policy

The Supreme Court has recognized that "a contractual choice-of-forum (and by implication, choice-of-law) provision should not be enforced 'if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC ("Great Lakes"), 653 F.Supp.2d 1193, 1198-99 (W.D. Okla. 2009) (*quoting* Bremen, 407 U.S. at 15). In support of its contention that Oklahoma has a strong public policy of protecting resident insureds, Comfort Suites relies on

9

Oklahoma case law establishing tort remedies for insurers' bad-faith conduct and a provision in Oklahoma's Insurance Code that prohibits insurers' reliance on choice-of-law provisions with resident insureds that selects the law of a foreign jurisdiction. [Doc. 22 at 3 (*citing* 36 Okla. Stat. ("O.S.") § 3617)]. Section 3617 of the Oklahoma Insurance Code provides:

> *No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Oklahoma, shall contain any condition, stipulation or agreement* (1) *requiring such policy to be construed according to the laws of any other state or country*, or (2) preventing the bringing of an action against any such insurer for more than six (6) months after the cause of action accrues, or (3) limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances; in property and marine and transportation policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss. *Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy*.

36 O.S. § 3617 (emphasis added). In opposing Comfort Suites' second *Bremen* challenge, Mt. Hawley retains its position that the forum-selection clause is separate and distinct from the Policy's choice-of-law provision.

To start, Mt. Hawley argues that Comfort Suites' reliance on § 3617 conflates choice-of-law and forum-selection clauses because the statute addresses only choice of law. Though Mt. Hawley is correct in separating the plain language of § 3617 from forum-selection clauses, the substantive effect of enforcing the Policy's forum provision would be to undermine one of three policy protections § 3617 aims to ensure—namely, protecting Oklahoma insureds from foreign legal regimes that deny them key remedies. *See* Great Lakes, 653 F.Supp.2d at 1198-99. Notwithstanding,

Oklahoma precedent indicates that § 3617 is predominantly utilized to protect parties to insurance disputes from policy provisions that mandate unreasonable limitation periods.[6] Mt. Hawley accordingly argues that no authority provided by Comfort Suites remotely suggests § 3617 can void a mandatory forum-selection clause. [Doc. 24 at 3]. The court agrees. *See* Hancock v. Am. Tel. & Tel. Co., 804 F.Supp.2d 1215, 1218, 1222 (W.D. Okla. 2011), *aff'd*, 701 F.3d 1248 (10th Cir. 2012) (*quoting* Riley, 969 F.2d at 957) ("Forum selection clauses do not contravene any federal or state public policy and 'a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid …'").

In *Great Lakes*, the court determined that § 3617 did not prevent "enforcement of the choice-of-law provision in th[at] case" because § 3601 of the Oklahoma Insurance Code specifically permits inclusion of such a provision in the parties' ocean marine insurance contracts. Great Lakes, 653 F.Supp.2d at 1199; 36 O.S. § 3601.[7] The court explained that, when considering forum selection, "[o]nly a showing of inconvenience so serious as to foreclose a remedy, perhaps *coupled with a showing of bad faith, overreaching or lack of notice*, would be sufficient to defeat a contractual forum selection clause." Great Lakes, 653 F.Supp.2d at 1199 (*quoting* Riley, 969 F.2d

---

[6] *See e.g.*, Walton v. Colonial Penn Ins. Co., 1993 OK 115, ¶ 13, 860 P.2d 222, 226 ("The legislature's policy decision to provide a one-year statute of limitations for suits on fire contracts in … [§] 3617 … was reasonable."); Oaks Indian Mission v. GuideOne Ins. Co., Inc., No. 04-CV-593-M, 2005 WL 8175515 at * 2 (N.D. Okla. Apr. 6, 2005) ("[P]ublic policy, as established by 36 [O.S.] §§ 3617 and 4803, prohibits the parties from agreeing to a limitation period of less than one year from the date of the occurrence of the loss."); Root v. State Farm Fire & Cas. Co., No. 23-CV-870-PRW, 2024 WL 5239456 at *1 & n.5 (W.D. Okla. Dec. 27, 2024) (*citing* 36 O.S. § 3617) ("Oklahoma law requires property-insurance policies to provide at least a one-year limitations period for bringing 'an action,' with the clock starting 'on the date of occurrence of the event resulting in loss.'"); Tunnell v. State Farm Fire & Cas. Co., No. 23-CV-55-GLJ, 2024 WL 3606683 at *3 (E.D. Okla. July 31, 2024).

[7] The Policy at issue herein is not a contract for ocean marine insurance.

11

at 958) (emphasis added); *see also* Morrison v. Stonebridge Life Ins. Co., No. 11-CV-1204-D, 2015 WL 137261 at *8 & n.8 (W.D. Okla. Jan. 9, 2015) (*citing* 36 O.S. § 3617) (noting if plaintiff had pursued her allegations that defendant's "failure to inform insureds of a choice-of-law provision in the group policy *was an unfair or deceptive insurance practice*[,]" "the Oklahoma Insurance Code appears to prohibit [such a] provision.") (emphasis added).

The court finds Comfort Suites has not met its heavy burden to show that the forum-selection clause is invalid because it contravenes a strong public policy of this forum. Section 3617's policy protections clearly contemplate choice-of-law provisions rather than forum clauses, and the case law upon which Comfort Suites relies does not suggest a credible invocation of § 3617 can void a mandatory forum-selection clause that was freely negotiated between two sophisticated parties. Enforcement of the forum-selection clause in the parties' Policy is consistent with federal and Oklahoma law and policy regarding such clauses. *See* Tucker v. Cochran Firm-Crim. Def. Birmingham, LLC, 2014 OK 112, ¶ 25, 341 P.3d 673, 683 (*quoting* Atlantic Marine, 571 U.S. at 62-63) ("The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate interests and furthers vital interests of the justice system."). The court accordingly concludes that the Policy's forum-selection clause should be enforced.

## IV. CONCLUSION

WHEREFORE, Mt. Hawley's motion to transfer venue to the United States District Court for the Southern District of New York [Doc. 10] is hereby **GRANTED**.

This case shall be transferred to the appropriate federal court in New York. The Clerk of Court is directed to take the necessary action to effectuate the transfer of this case to the United States District Court for the Southern District of New York.

    IT IS SO ORDERED on this 11th day of June, 2025.

                                                                 _____
                                                                 JASON A. ROBERTSON
                                                                 UNITED STATES MAGISTRATE JUDGE